Stan Morgan Riley County Counselor 115 North 4th Street, 3rd Floor East Manhattan, Kansas 66502
Dear Mr. Morgan:
You request our opinion to clarify the responsibility of Riley County for employees of the Riley County Court Trustee's Office. You state that Riley County has had a court trustee since 1994, however the County has ongoing questions concerning personnel matters relating to the Court Trustee and her employees.
K.S.A. 1999 Supp. 23-494 provides for the establishment of the office of court trustee as follows:
 "The court may provide by rule adopted by the judge or judges of each of the judicial districts of Kansas for the establishment of the office of court trustee for the judicial district. The court trustee shall be a person licensed to practice law in the state of Kansas and shall be appointed by and serve at the pleasure of the chief judge of the judicial district."
A court trustee's function is to collect child support or restitution when requested by a person to whom support is owed or upon the order of the court.[1]
Expenses for operation of a court trustee's office are paid from the court trustee operations fund in the county or judicial district.[2]
The chief judge of the judicial district determines the salary for the court trustee and fixes the annual budget for the court trustee's office.[3] A court trustee is authorized to charge a fee which is deposited into the court trustee operations fund to defray the expenses of the operation of the office.[4]
The county's responsibility for the office of court trustee is set forth in several different provisions of the Kansas Statutes Annotated. K.S.A. 1999 Supp. 23-497 requires that:
 "The board of county commissioners of each county to which this act may apply shall provide suitable quarters for the office of court trustee, furnish stationery and supplies, and such furniture and equipment as shall, in the discretion of the chief judge, be necessary for the use of the court trustee. . . ."
K.S.A. 20-162(b) exempts court trustees and their staff from the judicial personnel classification system which prescribes the compensation, powers, duties and functions for each type and class of personnel. The county is required to pay the compensation for court trustees and their personnel.[5] The chief judge is responsible for preparing the budget of the district court, which includes the court trustee's office, and submitting it to the board of county commissioners.[6]
K.S.A. 20-358 requires the county to provide health insurance coverage for each district court officer and employee whose total salary is payable by a county. Additional county duties are set forth in K.S.A.20-359:
 "With regard to district court officers and employees whose salary is payable by a county, the county shall serve as fiscal and reporting agent and pay and provide for old age survivors and disability insurance contributions and income tax withholding. All payments made by a county to judicial department employees or on their behalf, shall be deemed to have been paid by the state of Kansas. Counties shall include district court officers and employees whose total salary is payable by the county in any employees' retirement, unemployment security, liability, workmen's compensation and surety bond coverage provided for county employees, and may prorate the costs therefor for district court officers and employees to the annual district court budget if the county has so provided in the district court budget."
With that background, we now turn to your specific questions. Your first question concerns K.S.A. 23-4,117(b) which states in pertinent part:
 "The judicial administrator of the courts and the secretary of social and rehabilitation services shall enter into a contract to develop and maintain an automated management information system which will monitor support payments. . . . District courts, including court trustees, shall be subcontractors in the management information system and payments for their services shall be disbursed as directed by the judicial administrator. Unless good cause is shown, the secretary of social and rehabilitation services shall contract with court trustees for enforcement services. Subcontractor employees determined necessary to the performance of the contract by the judicial administrator shall be state employees paid by county general funds. The provisions of K.S.A. 20-358 and 20-359, and amendments thereto, shall apply. . . . County general funds shall be promptly reimbursed for subcontractor employee compensation cost from the subcontractor's payment. . . . The provisions of the Kansas court personnel rules, except for pay and classification plans, shall apply to subcontractor employees."
You indicate that the Court Trustee in Riley County is currently not under contract with the Secretary of Social and Rehabilitation Services (SRS) for enforcement services. You ask whether K.S.A. 23-4,117(b) would preclude the Riley County Court Trustee from being considered a "subcontractor" and, therefore, not fall under the Kansas Court Personnel Rules (KCPR). KCPR 2.5 states:
 "Subject to K.S.A. §§ 20-358 and 20-359, the provisions of the Kansas Court Personnel Rules shall apply to district court trustees and employees of the court trustee's office employed by district courts."
According to KCPR 2.5, the Riley County District Court Trustee and her employees are subject to the KCPR regardless of whether they are subcontractors or under contract with SRS for enforcement services.
Your next question is whether the Court Trustee and her personnel are "district court officers and employees" as used in K.S.A. 20-358 and20-359. Those statutes impose requirements on a county for "district court officers and employees whose salary is payable by a county." K.S.A. 1999 Supp. 20-349 states in pertinent part:
 "The compensation to be paid to district court personnel excluded from the judicial personnel classification system pursuant to subsection (b) of K.S.A. 20-162, and amendments thereto, shall be listed in the budget as a separate item for each job position. . . ." (Emphasis added.)
Subsection (b) of K.S.A. 20-162 includes court trustees and their staff as exempt "district court personnel." K.S.A. 1999 Supp. 23-494 provides for "the establishment of the office of court trustee for the judicial district." The KCPR include the Court Trustee and her employees as part of the Kansas court personnel system.[7] Additionally, the county is required to pay the compensation of the court trustee and her personnel.[8] Thus, it is our opinion that the Riley County Court Trustee and personnel of the Court Trustee's Office are included as "district court officers and employees" in K.S.A. 20-358 and 20-359.
You next ask what personnel policies apply to the Court Trustee. As stated in KCPR 2.5, the Court Trustee is covered by the KCPR subject to K.S.A. 20-358, which requires the County to provide health insurance coverage, and K.S.A. 20-359, which requires the County to pay the salary, old age survivors and disability insurance contributions and income tax withholding as well as retirement, unemployment security, liability, and worker's compensation.
You ask whether the Court Trustee is subject to the County's sexual harassment policy, discipline policy and Family and Medical Leave Act (FMLA) policy. These matters are covered by the KCPR and are not exempted from its provisions by K.S.A. 20-358 and K.S.A. 20-359. Therefore, the Court Trustee is subject to the KCPR's policies concerning sexual harassment,[9] discipline[10] and FMLA.[11]
You ask whether the County is responsible for maintaining accurate personnel files, reporting new hires to the State, and keeping I-9 immigration forms on file. The maintenance of personnel files is not addressed in the statutes, however KCPR 5.10 requires as follows:
 "Each appointing authority shall, for a period of 3 years, maintain records of procedures used in recruiting, interviewing and training as required by Equal Employment Opportunity, Affirmative Action and Americans with Disabilities Act guidelines. Personnel files must be retained for 6 years after an employee's termination, retirement or resignation."
The appointing authority for the Court Trustee is the Chief Judge of the Judicial District.[12] The appointing authority for court trustee employees is the Court Trustee, subject to the approval of the Chief Judge.[13] Therefore, personnel files should be maintained by the Chief Judge for the Court Trustee and by the Court Trustee for her employees. K.S.A. 20-359 requires the County to "serve as fiscal and reporting agent" for district court officers and employees whose salaries are payable by a county. Although the statute does not explain what is included in the function of "reporting agent," we assume the reporting required by the County would relate to fiscal matters such as wage reporting to the Internal Revenue Service. Because personnel files are maintained by the appointing authority, the appointing authority should report new hires to the State and keep I-9 immigration forms on file.
You also ask who makes the determination concerning the exempt status of the Court Trustee's employees under the Fair Labor Standards Act (FLSA). Employees of the Court Trustee's Office are exempt from the State court judicial classification system that prescribes the powers, duties and functions for each type of personnel. The district court may enact court rules concerning the appointment of staff for the Court Trustee.[14] Absent a court rule addressing this issue, we believe the appointing authority, who is the Court Trustee with approval of the Chief Judge, should determine the powers and duties for each position, and thus determine which positions are exempt for purposes of the FLSA.
Your next inquiry is whether the Court Trustee must follow the County's hiring policies including obtaining county commission approval to fill a position. K.S.A. 1999 Supp. 23-4,100(a) provides:
 "The district court shall provide by court rule for such other matters as are necessary to carry out the purpose of this act, including, but not limited to, the appointment of deputy trustees and other staff . . . ."
KCPR 5.2 states that "[e]mployees of the court trustee are selected by the trustee, subject to the approval of the administrative judge." (Emphasis added.) Attorney General Opinion No. 79-115 considered whether a board of county commissioners could apply their county-wide moratorium on hiring new and replacement employees to a district court trustee's office. Under that moratorium, the hiring of any new or replacement employees required express approval of the board of county commissioners. That opinion concluded that Kansas statutes clearly vest the authority to appoint a district court trustee and subordinate employees in the judges of the district court. Thus, the county resolution establishing the moratorium on hiring conflicted with statutes governing the operation of the district court trustee's office and was, therefore, invalid as it applied to that office. We concur with this opinion and conclude that the Court Trustee is not subject to the County's hiring policies.
Your next question is whether the County must provide paid leave benefits, even if the Court Trustee's personnel are not required to follow County policies that apply to the use of those leave benefits. The KCPR include accrual and use of vacation leave,[15] sick leave,[16]
military leave,[17] funeral leave,[18] training leave,[19] disaster volunteer service leave[20] and leave under the Family and Medical Leave Act.[21] K.S.A. 20-162 requires the County to pay the "compensation" for the Court Trustee and her personnel. Because paid leave benefits are included in an employee's compensation, it is our opinion that the County must provide paid leave benefits for the Court Trustee and her personnel.
The last question you ask is who is liable for a claim of discrimination, negligence in hiring, sexual harassment, or wrongful discharge by the Court Trustee or her staff under the doctrine ofrespondeat superior. The Kansas Tort Claims Act (KTCA) provides that:
 "[E]ach governmental entity shall be liable for damages caused by the negligent or wrongful act or omission of any of its employees while acting within the scope of their employment under circumstances where the governmental entity, if a private person, would be liable under the laws of this state . . . ." [22]
For purposes of the KTCA, "governmental entity" includes the State or a municipality.[23] "State" includes any department or branch of state government.[24] Because the District Court Trustee is employed by the Chief Judge and the Trustee and her staff are district court personnel, they would be considered employees of the State for purposes of the KTCA.
In summary, the Riley County Court Trustee and the employees of the Court Trustee's Office are district court officers and employees. The provisions of the Kansas Court Personnel Rules apply to the District Court Trustee and her employees with the exceptions discussed above. The Chief Judge of the judicial district appoints the Court Trustee, and the Court Trustee appoints employees of the Court Trustee's office. These appointing authorities are responsible for maintaining personnel files, reporting new hires to the State, keeping I-9 immigration forms on file and determining which positions in the District Court Trustee's office are exempt for purposes of the Fair Labor Standards Act. The Court Trustee is not subject to the County's hiring procedures, however the County must provide paid leave benefits for the Court Trustee and employees of the Court Trustee's office. As district court personnel, the Court Trustee and employees of the Court Trustee's office are considered employees of the State for purposes of the Kansas Tort Claims Act.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] K.S.A. 1999 Supp. 23-495.
[2] K.S.A. 1999 Supp. 23-497.
[3] Id.
[4] Id.
[5] K.S.A. 20-162(b).
[6] K.S.A. 1999 Supp. 20-349.
[7] See KCPR 2.5.
[8] K.S.A. 20-162(b).
[9] KCPR 10.0.
[10] KCPR 7.0.
[11] KCPR 9.15.
[12] KCPR 5.2 m; K.S.A. 1999 Supp. 23-494.
[13] KCPR 5.2 m.
[14] K.S.A. 1999 Supp. 23-4,100.
[15] KCPR 9.2.
[16] KCPR 9.3.
[17] KCPR 9.6.
[18] KCPR 9.7.
[19] KCPR 9.12.
[20] KCPR 9.14.
[21] KCPR 9.15.
[22] K.S.A. 75-6103(a).
[23] K.S.A. 75-6102(c).
[24] K.S.A. 75-6102(a).